```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROSETTA M. BLOUNT, | CIVIL ACTION NO. 06-5471 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| HUNTERDON DEVELOPMENTAL CENTER, et al., |  |
| Defendants. |  |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action, and moves for assignment of pro bono counsel. The Court will address the Application and the motion before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

**APPLICATION AND MOTION**

The plaintiff asserts in support of the Application that she (1) is employed, (2) earns $1007.34 biweekly, and (3) owns a home and a car. (App., at 1-2.) She notes, however, that there is a mortgage on her home. (Id. at 2.)

The Court will deny the Application. The plaintiff fails to show entitlement to in-forma-pauperis relief, as she has the financial means to pay the filing fee. See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v. Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13, 2001). The plaintiff

is not entitled to in-forma-pauperis relief merely because she has brought this action pro se and has expenses.  See Schneller v. Crozer Chester Med. Ctr., No. 06-3018, 2006 WL 3038454, at *1 (3d Cir. Oct. 26, 2006) (dismissing appeal from order denying motion for in-forma-pauperis relief, as such relief not justified merely because plaintiff pro se spent discretionary income on other litigation).  Her motion for assignment of pro bono counsel also will be denied.

**THE COMPLAINT**

The Court may direct sua sponte that a complaint not be filed if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The Court must construe a pro se complaint liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court also must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not credit a plaintiff's bald assertions or legal conclusions.  Id.

The plaintiff asserts a cause of action to recover damages for "[r]etaliation and denial of promotions" resulting from her employment with the defendants.  (Compl., at 1.)  She alleges — without more — the following basis for the Court's jurisdiction:

2

JURISDICTION

> My suffering and the hindrance of my career advancement, being of African American decent, my race, color of my skin and for the retaliation for exercising my rights.

(Id. (as stated in original).)

A plaintiff, even though filing a complaint pro se, must comply with minimum pleading standards. Fultz v. Neighborhood Leg. Servs., 654 F.Supp. 881, 884 (W.D. Pa. 1987); Walker v. Comay, 640 F.Supp. 195, 196 (W.D. Pa. 1986). Here, the plaintiff fails to allege (1) the specific federal law forming the basis for federal question jurisdiction under Section 1331, or (2) any other specific basis for the Court's jurisdiction. The mere possibility of federal issues being involved will not give rise to jurisdiction. Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 9-12 (1983). Thus, the Court's review of this complaint does not reveal that "federal law creates the cause of action" as to the plaintiff's claims. Id. at 27-28; see Blum v. Seiler Corp., No. 92-2317, 1992 WL 177021, at *2 (E.D. Pa. July 17, 1992) (granting motion to dismiss because plaintiff failed to clarify basis for federal jurisdiction).

The Court concludes that the complaint fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); see Simmons v. Cmty. Serv. Providers, 847 F.Supp. 351, 352-53 (E.D. Pa. 1994) (granting motion to dismiss with leave to amend pro se complaint, as complaint insufficient to enable defendant to bring

defense). The complaint fails to conform to the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 8-10.[1]

## CONCLUSION

The complaint fails to state a claim on which relief may be granted. The Court will direct the Clerk of the Court (1) not to file the complaint, and (2) to designate the action as closed.

This result, however, is without prejudice to the plaintiff to simultaneously (1) move to reopen the action in a timely manner, (2) submit a new complaint that is in compliance with the Federal Rules of Civil Procedure and properly asserts jurisdiction, and (3) pay the filing fee. However, the Court advises the plaintiff that even if she pays the filing fee, any new complaint will be subject to the Court's sua sponte review and dismissal on the same grounds discussed herein or other grounds. The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

---

[1] Rule 8(a) requires that a complaint contain short and plain statements of "the grounds upon which the court's jurisdiction depends" and "the claim showing that the pleader is entitled to relief."

Rule 10(b) states that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.